UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CLARENCE GANAWAY, | ) | CASE NO. 1:12 CV 892 |
| Plaintiff, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | |
| STATE OF OHIO, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

On April 13, 2012, plaintiff *pro se* Clarence Ganaway, an inmate the Mansfield Correctional Institution, filed this action against the State of Ohio and the Ohio Department of Rehabilitation and Corrections.[1] The complaint asserts in very general terms that grand juries in the State of Ohio violate the rights of citizens to due process and equal protection. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

---

[1] While the docket reflects a "Notice of Appeal" was filed in this case on July 23, 2012, this appears to have been an error, since there was no decision to appeal.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal* , 556 U.S. at 678 (2009).   A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

Even construing the complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid  claim.  *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  Further, to the extent plaintiff might be seeking to challenge the fact or duration of his imprisonment, he may seek federal relief only via habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).

 Accordingly, this action is dismissed without prejudice under section 1915A.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: September 6, 2012                                     *s/       James S. Gwin*
                                                                                     JAMES S. GWIN
                                                                                     UNITED STATES DISTRICT JUDGE